```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| KEVIN KEPPLER | CIVIL ACTION |
| VERSUS | NO: 06-10500 |
| HANOVER INSURANCE CO., ET AL. | SECTION: "A" (5) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 8)** filed by plaintiff Kevin Keppler. Defendant Hanover Insurance Co. opposes the motion. The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff, a citizen of Louisiana, initiated this suit in state court against Hanover Insurance Co. ("Hanover") and Leithman-Leboeuf Insurance, Inc. ("Leithman"), Plaintiff's insurance agent, also a Louisiana citizen. Plaintiff claims that Hurricane Katrina destroyed his property via tornadoes and hurricane force winds prior to any flooding. (Pet. ¶ 6). Plaintiff contends that Hanover has in bad faith failed to pay for his covered losses pursuant to his homeowner's policy by relying upon a concurrent causation clause. Plaintiff claims that Leithman is at fault because it did not inform him about the clause. Plaintiff alleges

that he was not provided a copy of his policy prior to August 29, 2005. (Pet. ¶ 12). Plaintiff seeks his policy limits pursuant to Louisiana's Valued Policy Law, La. R.S. 22:695, as well as penalties and attorney's fees under Louisiana law.

Hanover removed the suit to this Court alleging diversity jurisdiction because Plaintiff has improperly joined Leithman in order to defeat federal jurisdiction. Hanover argues that Plaintiff's claims against Leithman are perempted and that Plaintiff cannot state a claim against Leithman under the facts alleged.[1]

## II.  DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003)

---

[1] Hanover also removed based on the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). The MMTJA does not provide a basis for Hanover to remove this suit. See Berry v. Allstate, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Case v. ANPAC La. Ins. Co., No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

(citing <u>Travis</u>, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. <u>See</u> <u>id.</u> at 462-63. Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence. <u>Id.</u> at 463 (citing <u>Travis</u>, 326 F.3d at 648-49).

La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.*** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

<u>Id.</u> § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. <u>Bel</u>

v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

Plaintiff filed the instant suit on August 29, 2006. The policy which forms the basis for this litigation was originally issued in May 2004. (Ntc. Rem. ¶ 23). Nothing contained in the record contradicts Hanover's assertion that the policy contained the concurrent causation clause from its inception. Thus, the alleged act or omission that Plaintiff is complaining about occurred in May 2004. Three year peremption under La. R.S. 9:5606 clearly is not applicable.

Further, the Court finds that Hanover has not met its heavy burden of establishing that one-year peremption applies. Plaintiff alleges that he did not receive a copy of his policy prior to August 29, 2005. (Pet. ¶ 12). Under the circumstances the Court cannot say with certainty that Plaintiff should have known about the concurrent causation clause more than one year before he filed suit. Because the parties are not completely diverse remand is required.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 8)** filed by plaintiff Kevin Keppler should be and is hereby **GRANTED**. This matter is **REMANDED** to the state court from which it was removed

4

pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

February 7, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE